**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| IBEW Local Union 714, | ) |
| | ) **ORDER GRANTING PLAINTIFF'S** |
| Plaintiff, | ) **MOTION TO CONFIRM A LABOR-** |
| | ) **MANAGEMENT COMMITTEE** |
| vs. | ) **AWARD** |
| | ) |
| Stax Electric, Inc., | ) Case No. 4:09-cv-63 |
| | ) |
| Defendant. | ) |

Before the Court is the Plaintiff's "Motion to Confirm a Labor-Management Committee Award" filed on July 30, 2010. See Docket No. 9. The Defendant filed a response in opposition to the motion on September 7, 2010. See Docket No. 16. On September 15, 2010, the Court stayed this case pending resolution of a companion case, Stainbrook v. Stax Electric, Inc., No. 3:08-cv-084. See Docket No. 17. The Findings of Fact, Conclusions of Law, and Order for Judgment in Stainbrook were issued on March 22, 2011. See Case No. 3:08-cv-084, Docket No. 67. For the reasons below, the Plaintiff's motion is granted.

**I.     BACKGROUND**

Defendant Stax Electric, Inc. ("Stax Electric") is a North Dakota corporation in the business of electrical contracting. On July 9, 1990, Joe Stenvold, on behalf of Stax Electric, signed a Letter of Assent ("Assent") "authoriz[ing] Dakotas Chapter [National Electrical Contractors Association ("NECA")] as its collective bargaining representative for all matters contained in or pertaining to the current and any subsequent approved inside labor agreements between the Dakotas Chapter, N.E.C.A. and Local Union 714, IBEW." See Docket No. 11-1. The Assent became effective on July 9, 1990, and can be terminated by written notice to the Dakotas Chapter NECA and to the local union

at least 150 days prior to the anniversary date of an applicable labor agreement. On July 9, 1990, Stenvold also signed, on behalf of Stax Electric, an Agreement for Voluntary Recognition, acknowledging that a majority of Stax Electric's employees authorized the International Brotherhood of Electrical Workers ("IBEW") to represent them in collective bargaining. See Docket No. 11-2. Thomas Rodgers, Business Manager for the plaintiff, IBEW Local 714 ("IBEW"), stated in an affidavit that Stax Electric has not provided notice to IBEW to terminate the Assent or withdraw recognition of IBEW as the bargaining representative for Stax Electric's employees. See Docket No. 11.

On September 18, 2008, Stenvold was notified that a grievance had been filed against Stax Electric. The grievance alleged, "Beginning as early as June 1, 2006 to present, Stax Electric has violated the current IBEW Local 714 Labor Agreement by employing individuals to perform electrical work without the benefit of the local union's hiring hall." See Docket No. 11-8. Rodgers states in his affidavit that the Labor-Management Committee of the Dakotas Chapter NECA ("the Committee") met on November 18, 2008 to consider the merits of the grievance. See Docket No. 11. The Committee unanimously upheld the grievance. On November 21, 2008, Stenvold was notified of the Committee's decision via a letter stating:

> The Labor Management Grievance committee met on November 18th, 2008 in Minot at Local 714, IBEW Union Hall. This is to inform you that the Labor-Management Committee found you to be in violation of the CBA and you are:
>
>> To comply with the grievance and provide IBEW local 714 with a list of employees not referred by the local union and make employees whole from June 1st, 2006 including union working assessments. You are in violation of the following:
>>
>> | | |
>> |---|---|
>> | Article II, | Section 2.12 |
>> | | Sections 2.03, 2.04, 2.13, 2.14 |
>> | Article III, | Section 3.05 |
>> | Article IV, | Sections 4.02, 4.07 |

>Articles VI, VII, IX, X, XI
>Article XII, Section 12.03
>Article XIII, Section 13.03

See Docket No. 11-9 (errors in original). Rodgers states in his affidavit that Stax Electric has not yet complied with the Committee's decision and continues to violate the Inside Construction Agreement by hiring employees without using IBEW's referral process. See Docket No. 11.

On October 9, 2009, IBEW filed a complaint seeking enforcement of the Committee's decision, a $75,000 cash or surety bond, and costs and attorney's fees.[1] See Docket No. 1. On July 30, 2010, IBEW filed a "Motion to Confirm a Labor-Management Committee Award." See Docket No. 9. IBEW contends that the Committee's decision is enforceable in court and that Stax Electric did not timely file a motion to vacate the decision. Stax Electric contends that it was not afforded a fair hearing and any contract between it and IBEW is void.

A bench trial was held in the companion case, Stainbrook v. Stax Electric, Inc., on November 9, 2010, in Fargo, North Dakota. On March 22, 2011, the Court issued its Findings of Fact, Conclusions of Law, and Order for Judgment. See Case No. 3:08-cv-084, Docket No. 67. The Court found that Stenvold had executed both the Assent and Agreement for Voluntary Recognition on behalf of Stax Electric on July 9, 1990. The Court also found that Stax Electric has not terminated either the Assent or the Agreement for Voluntary Recognition. The Court stated further:

>At the hearing for the 2008 grievance filed by the Union, Stenvold appeared on behalf of Stax Electric with its lawyer to respond. At no time did Stax Electric or its lawyer object to the Agreement. Rather, Stenvold accepted the benefit of the Agreement and its grievance process on behalf of Stax Electric.

See Case No. 3:08-cv-084, Docket No. 67. The Court concluded that Stax is bound by the terms of the Assent and the Agreement between NECA and IBEW.

---

[1] While IBEW requests costs and attorney's fees in its complaint, it does not request such relief in the pending motion.

## II.     STANDARD OF REVIEW

If a grievance award is final and binding under the terms of a collective bargaining agreement, it is enforceable in court under Section 301 of the Labor Management Relations Act. Gen. Drivers, Local Union No. 89 v. Riss & Co., Inc., 372 U.S. 517, 519 (1963) (citing 29 U.S.C. § 185); see also Warren v. Int'l Bhd. of Teamsters, 544 F.2d 334, 340 (8th Cir. 1976). The United States Supreme Court has explained:

> Collective-bargaining contracts . . . generally contain procedures for the settlement of disputes through mutual discussion and arbitration. These provisions are among those which are to be enforced under § 301. Furthermore, Congress has specified in § 203(d), 61 Stat. 154, 29 U.S.C.§ 173(d), that "[f]inal adjustment by a method agreed upon by the parties is declared to be the desirable method for settlement of grievance disputes . . . ." This congressional policy "can be effectuated only if the means chosen by the parties for settlement of their differences under a collective bargaining agreement is given full play." Steelworkers v. American Mfg. Co., 363 U.S. 564, 566 (1960). Courts are not to usurp those functions which collective-bargaining contracts have properly "entrusted to the arbitration tribunal." Id., at 569. They should not undertake to review the merits of arbitration awards but should defer to the tribunal chosen by the parties finally to settle their disputes. Otherwise "plenary review by a court of the merits would make meaningless the provisions that the arbitrator's decision is final, for in reality it would almost never be final." Steelworkers v. Enterprise Corp., 363 U.S. 593, 599 (1960).

Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 562-63 (1976). In cases brought under Section 301 of the Labor Management Relations Act, the Court's review is deferential and limited to determining whether a grievance award "draws its essence from the collective bargaining agreement." Turner v. United Steelworkers of Am., Local 812, 581 F.3d 672, 675 (8th Cir. 2009) (quoting United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 36 (1987)).

### III.  LEGAL DISCUSSION

IBEW contends that, according to the terms of the Inside Construction Agreement, the Committee is the final arbiter of all grievances. The relevant sections of the Inside Construction Agreement provide:

> Section 1.05.  There shall be a Labor-Management Committee of three representing the Union and three representing the Employers. It shall meet regularly at such stated times as it may decide. However, it shall also meet within fort[y]-eight (48) hours when notice is given by either party. It shall select its own Chairman and Secretary. The Local Union shall select the Union representatives and the Chapter shall select the management representatives.
>
> Section 1.06.  All grievances or questions in dispute shall be adjusted by the duly authorized representatives of each of the parties to this Agreement. In the event that these two are unable to adjust any matter within forty-eight (48) hours, they shall refer the same to the Labor-Management Committee.
>
> Section 1.07.  All matters coming before the Labor-Management Committee shall be decided by a majority vote. Four members of the Committee, two from each of the parties hereto, shall be a quorum for the transaction of business, but each party shall have the right to case the full vote of its membership and it shall be counted as though all were present and voting.
>
> Section 1.08.  Should the Labor-Management Committee fail to agree or to adjust any matter, such shall then be referred to the Council on Industrial Relations for the Electrical Contracting Industry for adjudication. The Council's decision shall be final and binding.

See Docket No. 11-6. Stax Electric contends that it was not provided a copy of the collective bargaining agreement and that any contract between it and IBEW is void.

In Stainbrook, the Court concluded that Stax Electric is bound by the terms of the Inside Construction Agreement. See Case No. 3:08-cv-084, Docket No. 67. The Court also stated that Stenvold's testimony that he had "never heard of a collective bargaining agreement" and that it "mean[t] nothing to [him]" was "completely lacking in credibility." See Case No. 3:08-cv-084, Docket No. 67. Stax Electric concedes that the facts of Stainbrook are identical to the facts of this

5

case.  See Docket No. 16.  The Court is bound by the findings of fact and conclusions of law in Stainbrook.  According to the terms of the Inside Construction Agreement, the Committee has the authority to hear all grievances.  The record reveals that a grievance was presented to the Committee.  The Committee unanimously upheld the grievance and informed Stax Electric of its decision.  This is the process agreed upon in the Inside Construction Agreement.  The Court gives great deference to the Committee's decision and finds that the decision draws its essence from the collective bargaining agreement.

### IV.     CONCLUSION

The Court has carefully reviewed the entire record, the parties' briefs, and relevant case law.  The Plaintiff's "Motion to Confirm a Labor-Management Committee Award" (Docket No. 9) is **GRANTED**.  The Court **ORDERS** the following:

1) That within ten days of the filing of this order the Defendant shall provide the Plaintiff with a list of employees not referred by the Plaintiff;

2) That the Defendant shall make such employees whole from June 1, 2006 to the present, including paying all unpaid wages and benefits;

3) That within ten days of the filing of this order the Defendant shall file a copy of its Social Security Reports for June 1, 2006 to the present;

4) That the Defendant shall comply with all terms of the Inside Construction Agreement.

This order closes the case.

**IT IS SO ORDERED**.

Dated this 22nd day of April, 2011.

/s/  Daniel L. Hovland
Daniel L. Hovland, Judge
United States District Court